UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| | ) |
| | ) |
| PETER H. KOUFOS, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. BANK, N.A, as Trustee on Behalf of the | ) |
| Holders of the CFSB Mortgage Pass-Through | )   Civil Action No. 12-cv-10743-DJC |
| Certificates Series 2005-CF1, | ) |
| SELECT PORTFOLIO SERVICING, INC., | ) |
| LENDER PROCESSING SERVICES, | ) |
| LENDER PROCESSING SERVICES | ) |
| DEFAULT SOLUTIONS, | ) |
| NEW CENTURY MORTGAGE CORP., and | ) |
| ABLITT & SCOFIELD, P.C., | ) |
| | ) |
| **Defendants.** | ) |

_____)

**MEMORANDUM & ORDER**

**CASPER, J.**                                                                                    July 1, 2013

Koufos has filed a motion to alter the judgment announced by this Court in its March 21,

2013 Memorandum and Order, D. 26.  D. 30.  For the reasons discussed below, that motion is

GRANTED in part and DENIED in part.  The Court considers Koufos's arguments in the order

he presents them in his supporting memorandum, D. 31.

**I.       The Court Denies Koufos's Motion to Alter Its Judgment as to Count II**

Koufos's first argument is that the recent unpublished Massachusetts Appeals Court

opinion in HSBC Bank USA, N.A. v. Norris, No. 11-P-1916, 2013 WL 708944, at *1, 83 Mass.

App. Ct. 1115, 1115 (Feb. 28, 2013), issued prior to this Court's order dated March 21, 2013,

"has partially abrogated [the] prospective effect of Eaton [v. Fed. Nat'l Mortgage Ass'n, 462

Mass. 569, 588 (2012)]." D. 31 at 3-4. The Norris court applied the rule announced in Eaton

that a mortgagee must possess both the mortgage and the related note to conduct a valid

foreclosure to plaintiff Norris where he had "advanced the same arguments to [the Massachusetts

Appeals Court] at the same time those arguments were being considered by the Supreme Judicial

Court." Norris, 83 Mass. App. Ct. at 1115; see Eaton, 462 Mass. at 583-85. The Norris court

ruled that Norris should receive the benefit of the otherwise-inapplicable Eaton decision for "the

same reason that the Supreme Judicial Court applied its ruling retroactively to Eaton [herself]."

Norris, 83 Mass. App. Ct. at 1115;[1] see also Lyons v. Mortgage Electronic Registration Sys., No.

11-P-560, 2013 WL 2420705, at *1, 83 Mass. App. Ct. 1134, 1134 (June 5, 2013) (unpublished)

(applying Norris logic to another "case on appeal when Eaton was decided"); D. 41 (citing

Lyons).

     The reason that the Supreme Judicial Court gave plaintiff Eaton the benefit of an

otherwise prospective ruling was because she was the party that brought the case that announced

a new rule. Eaton, 462 Mass. at 589 (declaring that "[a]lthough we apply the rule articulated in

this case prospectively, we nonetheless apply it to [this] appeal because it has been argued to this

court by Eaton"). In so holding, the court noted its discretion to award relief to the party

bringing suit even where similarly situated plaintiffs were not entitled to relief of a prospective

decision. Id. (citing Bouchard v. DeGagne, 368 Mass. 45, 48-49 (1975) (party seeking relief

---

[1] The Supreme Judicial Court heard Eaton after sua sponte transferring that case from the
Massachusetts Appeals Court, Eaton, 462 Mass. at 571 (writing that "[w]e transferred the case to
this court on our own motion"), but the Supreme Judicial Court did not transfer Norris for further
appellate review. Because the Norris court concluded that plaintiff Norris was "procedurally in
the identical situation" as Eaton, i.e., that both cases were on review before appellate courts with
similar powers, it opined that a decision not to apply Eaton's ruling would be "arbitrary."
Norris, 83 Mass. App. Ct. at 1115 (noting that "[i]t is certainly not Norris's fault that the issue
was first decided favorably in Eaton's case rather than in his, and it would be inequitable to
deprive him of its same resolution").

may be entitled to benefit from rule announced in a case, even when other "somewhat similarly situated [parties] are not afforded the benefit of retroactive application of the principles established by that first appellate determination"); <u>Tucker v. Badoian</u>, 376 Mass. 907, 918-19 (1978) (Kaplan, J., concurring) ("suggesting that when a newly announced rule is given prospective effect, that rule may still apply to the case at bar if parties raised the issue; declining to apply new rule, however, where parties appeared to accept that the old rule would apply to them"); <u>Powers v. Wilkinson</u>, 399 Mass. 650, 663-65 (1987) (Abrams, J., concurring in part and dissenting in part) (discussing reasons in favor of applying a new rule to the particular litigants involved in a case)).

Here, Koufos is not "procedurally in the identical situation" as the plaintiffs in <u>Norris</u> or <u>Eaton</u>. <u>See</u> <u>Norris</u>, 83 Mass. App. Ct. at 1115. Here, Koufos is procedurally before this Court, which is bound by decisions of the state's highest court announcing the prospective nature of state rules. <u>McKenna v. Wells Fargo Bank, N.A.</u>, 693 F.3d 207, 215 (1st Cir. 2012) (citing <u>Wainwright v. Stone</u>, 414 U.S. 21, 24 (1973)). This difference matters and explains why <u>Norris</u> is inapplicable. The Supreme Judicial Court was surely aware that other cases like <u>Eaton</u> were in the trial court pipeline and could have shaped its holding accordingly to apply to those pending cases. It did not, and instead the Supreme Judicial Court chose to "exercise [its] discretion" and apply its ruling only to cases where "the mandatory notice of sale has been given after the date of t[he <u>Eaton</u>] opinion." <u>Eaton</u>, 462 Mass. at 588-89. This decision was purposeful; the Supreme Judicial Court recognized the "exceptional circumstances" presented in <u>Eaton</u> where "the defendants and several amici [had represented] that lawyers and others who certify or render opinions concerning real property titles [had] followed in good faith a different interpretation of the relevant statutes . . . that require[d] the mortgagee to hold only the mortgage, and not the

note, in order to effect a valid foreclosure by sale." Id.  The Supreme Judicial Court noted the
concern that the Eaton holding, if applied retrospectively, could "wreak havoc with the operation
and integrity of the title recording and registration systems" and purposely avoided a retroactive
application. Id. at 586.

Koufos's argument here that the unpublished Norris decision "has partially abrogated the
prospective effect" of Eaton is unavailing.  Indeed, after Norris was decided, a three-judge panel
of the Massachusetts Appeals Court that included one of the judges on the three-judge Norris
panel denied relief to the mortgagor in Reynolds v. GMAC Mortgage, LLC, No. 12-P-384, 2013
WL 1435225, at *1, 83 Mass. App. Ct. 1124, 1124 (April 10, 2013) (unpublished), on the ground
that "[a]s a result of Eaton, which applies prospectively to foreclosure proceedings where the
notice of mortgage foreclosure sale is given after Eaton was decided, the foreclosing mortgage
holder must either hold the note or act on behalf of the note holder at the time of the notice of
sale and the foreclosure sale."  Noting that the notice of sale date in Reynolds pre-dated the
Eaton decision, the Reynolds court noted that "[t]he case before us, therefore, is not controlled
by Eaton." Id.  The Court reaches the same conclusion here, where the notice of sale to Koufos
predated the Eaton decision.  For these reasons, the Court affirms its dismissal of Count II.

**II.    The Court Denies Koufos's Motion to Alter Its Judgment as to Count IV**

The Court declines to alter its judgment dismissing Court IV alleging a violation of Mass.
Gen. L. c. 93A, for all of the reasons given in its Memorandum and Order, D. 26, at 11-13.  This
includes, but is not limited to, the reasoning (not addressed by Koufos in his motion to amend the
judgment) that his c. 93A claim is time-barred.

### III.    The Court Grants Koufos's Motion to Alter Its Judgment as to Count VI

Koufos argues that this Court should reconsider its dismissal of the unjust enrichment claim against Defendant U.S. Bank.  The Court in its recent order did not dismiss Koufos's unjust enrichment claim as to Defendant SPS.  Explaining the difference in treatment of this count as to these two defendants, this Court wrote:

> As to Defendant U.S. Bank, Koufos does not allege that U.S. Bank has received any benefit through its actions.  Koufos does not allege that any foreclosure has occurred, and the Court has cannot find any reference beyond the conclusory statement [that "By their wrongful acts and omissions, including but not limited to making, servicing, and litigating the foreclosure thereof; the predatory and unfair mortgage loan described herein, All Defendants have been unjustly enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived"], D. 10 ¶ 284, to support a claim the U.S. Bank has unjustly received anything from Koufos.  Because there is no allegation of a realized tort, the Court dismisses this claim as to U.S. Bank.
>
> As to Defendant SPS, Koufos alleges that "Defendant SPS purportedly billed and serviced, and accepted payments for Plaintiff's loan on behalf of entity(s) that has no legal right to any claim of ownership of Plaintiff's loan . . . ."  D. 10 ¶ 275. [Here, the Court noted in a footnote that "Koufos does not incorporate D. 10 ¶ 275 into his claim for unjust enrichment, but the Court treated this omission as a typographic error, where he seeks to re-allege "all" prior paragraphs."] Noting that "Massachusetts courts emphasize the primacy of equitable concerns in a finding of unjust enrichment," . . . , under these circumstances where Koufos's allegation is that SPS had no right to bill and service his loan on behalf of an incorrect owner, this claim withstands the joint motion to dismiss.

D. 26 at 15-16.  Koufos points out that in his amended verified complaint, he pled in one subparagraph in the section describing the alleged civil conspiracy claim, that "[t]he affirmative steps in the furtherance of the conspiracy were . . . the purported U.S. Bank as Trustee's purported wrongful receipt of Plaintiff's monthly payments on behalf of the Trust."  D. 10 ¶ 280(d).  In light of this Court's allowance of the incorporation of another paragraph of the conspiracy claim to support Koufos's allegations regarding unjust enrichment against SPS, and this Court's further review finding that D. 10 ¶ 280(d) can be read to support a claim for unjust

enrichment, this Court allows Koufos's motion to amend its earlier judgment to reinstate the unjust enrichment claim as to U.S. Bank.

## IV.    The Court Denies Koufos's Motion to Alter Its Judgment as to Issues Related to the Trust's Governing Documents

The Court declines to alter its judgment dismissing so much of Koufos's argument that challenged the alleged "documented failure of the trust to follow its own controlling terms of its own Governing Documents," D. 31 at 9, for all of the reasons given in its Memorandum and Order, D. 26, at 8-11.[2]  Moreover, Koufos did not address choice of law issues in his original filings and raises arguments relating to New York and Massachusetts trust law for the first time in his motion to amend this Court's judgment.  The Court's earlier Memorandum and Order sufficiently addressed this issue.  See D. 26 at 10 n.5.

---

[2] Koufos has recently filed a notice of supplemental authority, D. 40, which brings to the Court's attention an unpublished decision of a New York state trial court, Wells Fargo Bank, N.A. v. Erobobo, No. 31648/2009, 2013 WL 1831799, 39 Misc. 3d 1220(A) (N.Y. Sup. Ct. April 29, 2013), and an unpublished case citing that decision, In re Saldivar, 2013 WL 2452699, at *4 (Bankr. S. D. Tex. June 5, 2013).  The Erobobo court, citing N.Y. Est. Powers & Trusts Law § 7–2.4 (McKinney 2002) and without further analysis, held that the violation of terms contained in a Pooling and Servicing Agreement (PSA) regulating the timing of asset transfers and the identity of the trust "Depositor" would void the transfer of an asset into a trust.  Erobobo, 2013 WL 1831799 at *8-9.  The Saldivar court adopted the Erobobo court's finding that such transfers are void.  2013 WL 2452699, at *4.  The heft of Erobobo's statutory argument was considered and rejected by the "detailed analysis of this issue in Bank of America Nat. Ass'n v. Bassman FBT, L.L.C., 981 N.E.2d 1, 8-10 (Ill. App. Ct. 2012)."  D. 26 at 10 n.5.  This Court found the Bassman reasoning persuasive.  Id.  The Court also notes that other district courts have recently construed New York law in the same manner as this Court's earlier order.  Calderon v. Bank of America N.A., --- F. Supp. 2d ----, 2013 WL 1741951, at *11-12 (W.D. Tex. 2013) (collecting New York cases, stating that "New York case law . . . makes clear that section 7–2.4 is not applied literally in New York" and holding that "even if it is true that the Note was transferred to the Trust in violation of the PSA, that transaction . . . is merely voidable" (internal quotation omitted)); Sigaran v. U.S. Bank Nat. Ass'n, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013) (holding that "assignments made after the Trust's closing date are voidable, rather than void").

**V.** **Conclusion**

For the above reasons, the Court DENIES Koufos's motion to amend this Court's earlier judgment except that the Court ALLOWS Koufos's request to reinstate Court VI, alleging unjust enrichment, as to Defendant U.S. Bank.   The Court ORDERS Defendant U.S. Bank to file an amended answer reflecting this decision within 14 days of the date of this Order.

**So Ordered.**

<u>/s/ Denise J. Casper</u>
United States District Judge