UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER H. KOUFOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| U.S. BANK, N.A., AS TRUSTEE ON | ) | C.A. NO. 1:12-CV-10743-DJC |
| BEHALF OF THE CERTIFICATE HOLDERS | ) | |
| OF THE CSFB MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATES, SERIES 2005-CF1, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS
SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK NATIONAL
ASSOCIATION FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

Plaintiff Peter Koufos ("Koufos" or "Plaintiff"), now deceased, has no legal or factual

basis to dispute the exercise of the power of sale by U.S. Bank, as Trustee (the "Trust")

contained in the mortgage.  All claims remaining are all based on the faulty theory that the Trust

did not have rights under the note and mortgage.  Accordingly, this Court should grant summary

judgment in favor of the Trust and Select Portfolio Servicing, Inc. ("SPS") on all remaining

claims.  The Trust has since completed its foreclosure in 2013, and the Trust has established a

right to title and possession of the property at issue.[1]

---

[1] Koufos filed his original action in state court on April 24, 2012, and filed his Amended Verified Complaint ("Amended Complaint") on May 2, 2012 after removal to this Court.  On March 21, 2013, the Court partially granted Defendants' Motion to Dismiss.  On July 1, 2013, the Court granted Plaintiff's motion to alter judgment as to Count VI, reinstating the unjust enrichment claim against the Trust.  The only remaining claims are declaratory judgment as to the mortgage (Count III), "concerted action" civil conspiracy (Count V), and unjust enrichment (Count VI).

## II.    UNDISPUTED MATERIAL FACTS[2]

1.      On or about January 26, 2005, Koufos executed a promissory note ("Note") to New Century Mortgage Corporation ("New Century") in the principal amount of $344,250.00. (SUF, ¶ 1).

2.      Koufos granted a mortgage ("Mortgage") on the property located at 19 Skyline Drive, Medway, Massachusetts (the "Property") to secure the obligations under the Note.  (SUF, ¶ 2).

3.      On July 1, 2005, Credit Suisse First Boston Mortgage Securities Corp. (Depositor), DLJ Mortgage Capital, Inc. (Seller), Select Portfolio Servicing Inc. (Servicer), and U.S. Bank, N.A. (Trustee) entered into a Pooling and Servicing Agreement (the "PSA").  (SUF, ¶ 3).

4.      The Note and Mortgage were sold, transferred, conveyed and assigned to the Trust in accordance with the PSA.  (SUF, ¶ 4).

5.      The Trust owned the Koufos Mortgage Loan in accordance with the PSA, and became the holder of the Note pursuant to an endorsement in blank and allonge to the Note. (SUF, ¶ 6).

6.       On July 13, 2005, the servicing rights for the Koufos mortgage loan were transferred from New Century to SPS, with notice to Koufos.  (SUF, ¶ 7).

7.      On April 2, 2007, New Century filed for Chapter 11 bankruptcy protection. (SUF, ¶ 8).

8.      On June 20, 2007, New Century granted SPS a limited power of attorney to permit SPS to act as New Century's attorney-in-fact.  (SUF, ¶ 9).

---

[2] The facts contained in this Memorandum of Law are supported by Defendants' Statement of Undisputed Material Facts pursuant to Local Rule 56.1.

9.     The Trust became the record holder of the Mortgage pursuant to a Corporate Assignment of Mortgage from New Century to the Trust (the "Assignment").  (SUF, ¶ 10).

10.    Koufos defaulted on the Note and Mortgage for non-payment, and failed to cure the default following notice.  (SUF, ¶ 11).

11.    On or about January 4, 2008, Koufos entered into a Forbearance Agreement with the Trust to permit Koufos to reinstate the loan and halt the foreclosure that had commenced in return for agreed-upon payments by Koufos.  (SUF, ¶ 12).

12.    Koufos admitted in the Forbearance Agreement that the Trust owned the Note and the Mortgage.  (SUF, ¶ 12).

13.    Koufos subsequently defaulted under the terms of the Forbearance Agreement. (SUF, ¶ 13).

14.    The Trust proceeded with foreclosure of the Mortgage to recover under the Note. On or about May 14, 2009, the Trust published and sent Koufos written notice of the intent to foreclose the mortgage.  (SUF, ¶ 14).

15.    The foreclosure was postponed when Koufos filed for bankruptcy.  (SUF, ¶ 15).

16.    The Trust received stay relief from the Bankruptcy Court.  (SUF, ¶ 16).

17.    The Trust then re-noticed the foreclosure sale for April 27, 2012.  (SUF, ¶ 17).

18.    After efforts by Koufos to enjoin the foreclosure were denied, the Trust rescheduled the foreclosure sale for August 1, 2012 with notice to Koufos.  (SUF, ¶ 19).

19.    The Trust, through its authorized agents, conducted a foreclosure sale of the Property at public auction on August 1, 2012.   (SUF, ¶ 20).

20.    The Trust was the highest bidder and purchased the Property. (SUF, ¶ 21).

21.    The Trust recorded a foreclosure deed and affidavit with the Norfolk County

Registry of Deeds.   (SUF, ¶ 22).

22.     Following the foreclosure, Koufos continued to use and occupy the Property.

(SUF, ¶ 23).

### III.     LAW AND ARGUMENT

### KOUFOS ESTABLISHES NO RIGHT TO RECOVER ON THE CLAIMS REMAINING IN THE AMENDED COMPLAINT

A.     The Trust Owned the Mortgage Loan and Held the Power of Sale

Plaintiff's theory that the Assignment is void because New Century no longer owned the

Mortgage and "had nothing to assign" when the Assignment was recorded in 2009 is devoid of

any factual support, and ignores fundamental Massachusetts law.  The Note was sold,

transferred, conveyed, and assigned to the Trust effective July 1, 2005.  The Trust became the

holder of the Note through the endorsement in blank and the allonge.  "When endorsed in blank,

an instrument becomes payable to bearer and may be negotiated by transfer of possession alone

until specially endorsed."  G.L. c. 106, § 3-205(b).  See also First Natl. Bank of Cape Cod v.

North Adams Hoosac Sav. Bank, 7 Mass. App. Ct. 790, 797 (1979).  The Trust owned all rights

as holder to enforce the Note.  See G. L. c. 106, § 1-201(20) ("holder" of a negotiable instrument

is "the person in possession if the instrument is payable to bearer or, in the case of an instrument

payable to an identified person, if the identified person is in possession.").  This included all

rights to the Mortgage as the security for the Note.  "Massachusetts law makes pellucid that the

mortgage and the note are separate instruments; when held by separate parties, the mortgage

holds a bare legal interest and the noteholder enjoys the beneficial interest."  Culhane v. Aurora

Loan Services of Nebraska, 708, F. 3d 282, 293 (1st Cir. 2013).  New Century, although record

title holder of the Mortgage prior to the Assignment, held the Mortgage in equitable trust for the

benefit of the Trust, as noteholder.  U.S. Bank, N.A. v. Ibanez, 458 Mass. 637, 941 N.E. 2d 40,

53-54 (2011) (citations omitted).  Eaton v. Fed. Nat'l Mortg. Assn., 462 Mass. 569, 969 N.E. 2d

1118, 1125 n. 10 (2012).  "An equitable trust exists between the mortgagee of record and the

new noteholder, as such a trust is always implied by Massachusetts law."  Culhane, 708 F. 3d at

292-293 (citations omitted).  The Trust had the right to compel New Century, either voluntarily

or through an action in equity, to deliver the Assignment to transfer record title to the Mortgage

as the Trust's security for the Note.  The Trust, as noteholder, possessed the "equitable right to

demand and obtain an assignment of the mortgage."  Culhane, 708, F. 3d at 292, citing Ibanez,

941 N.E. 2d at 53-54.  The Trust became the record title holder of the Mortgage through the

Assignment.  The Assignment was fully-consistent with the implied trust.

The First Circuit's decision in Juarez v. Select Portfolio Servicing, Inc., 708 F. 3d 269,

282 (1st Cir. 2013) bars any argument that the Assignment executed by SPS in 2009 in

accordance with the power of attorney granted by New Century was rendered ineffective by the

New Century Chapter 11 proceeding.  Further, Koufos has no right to challenge any defect in the

execution of the assignment that would render it voidable as opposed to void, based on Culhane

and its progeny.  See also Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 206 n. 7, 7

N.E. 3d 1113, 1116, n. 8 (2014) ("A deficiency in an assignment that makes it voidable at the

election of one party or the other would not automatically invalidate the title of the foreclosing

mortgagee, and accordingly would not render void a foreclosure sale conducted by the assignee

or its successors in interest.").  This includes any contention that Assignment failed to comply

with any rules governing the Trust, which this Court previously properly rejected at the Rule

12(b)(6) stage.  Subsequent cases have concurred in this analysis in rejecting the standing of a

borrower to raise defects in the securitization process as a challenge to an assignment of

mortgage or foreclosure.  Butler v. Deutsche Bank Trust Co. Americas, 748 F. 3d 28, 37 (1st Cir.

2014) (claims alleging disregard of a trust's Pooling & Servicing Agreement are considered voidable, not void).  <u>Woods v. Wells Fargo Bank, N.A.</u>, 733 F. 3d 349, 354 n. 4 (1st Cir. 2013) (mortgagor had no standing to challenge an assignment based on alleged violations of a Pooling & Servicing Agreement); <u>Springer v. Deutsche Bank National Trust Co.</u>, 2013 WL 139558, at *2-3 (Land Ct. 2013), <u>aff'd.</u>, 84 Mass. App. Ct. 1135 (2014).  The Assignment satisfied the requirements of G.L. c. 183, § 54B governing mortgage assignments, and the transfer of the Mortgage to the Trust was effectuated by the Assignment.  <u>Wain v. The Bank of New York Mellon Corp.</u>, 85 Mass. App. Ct. 498, 504, 11 N.E. 3d 633, 639 (2014) ("Because the record title holder of the mortgage satisfied the dictates of the statute governing the assignment of mortgages, the homeowners have no basis for arguing that the assignment is void.")

Further, Koufos does not raise an actual "voidness" challenge to the Assignment, despite his characterization.  Following this Court's decision and order in 2013, the "void" versus "voidable" distinction has been sharpened.  As the First Circuit explained:

> Specific to the mortgage context, a void mortgage assignment is one in which the putative assignor "never properly held the mortgage and, thus, had no interest to assign."

<u>Wilson v. HSBC Mortg. Servs., Inc.</u>, 744 F. 3d 1, 10 (1st Cir. 2014), quoting <u>Culhane</u>, 708 F 3d at 291.  Applying this strict governor, the undisputed fact that New Century, the assignor, was the original holder of the Mortgage disposes of any claim by Koufos that the Assignment is void, as opposed to voidable.

    B.    <u>"Concerted Action" Civil Conspiracy Does Not Exist</u>

"Concerted action" civil conspiracy requires a common plan of two or more persons to commit a tortious act to further the agreement.  <u>Kurker v. Hill</u>, 44 Mass. App. Ct. 184 (1998) (citations omitted).  Koufos has no evidence to establish an underlying tort by either the Trust or

SPS, never mind any evidence of any sort of common plan to commit a tort.  Koufos acknowledged that he entered into the Note and Mortgage.  Koufos conceded that the Trust owned the debt when he entered into the Forbearance Agreement, pursuant to which he agreed to pay SPS the amounts due and owing to avoid foreclosure.  The Trust owned the debt and SPS collected the payments.  There is no tort.  Plaintiff also has no evidence of any harm caused by either SPS or the Trust related to his payment of the mortgage as agreed, or any action to enforce the Note and Mortgage upon the multiple defaults by Koufos.

In any event, Plaintiff's tort claim for civil conspiracy is barred by the applicable three-year limitations period under G. L. c. 260, § 2A.  See Pagliuca v Boston, 35 Mass. App. Ct 820, 823 (1994).  All of the conduct alleged by Plaintiff giving rise to the conspiracy claim, from the origination of the loan, to accepting loan payments, to servicing the loan through default, all occurred prior to April 2009.  The three-year statute of limitations expired before Plaintiff filed his action originally on April 24, 2012.

C.      Koufos Establishes No Right to Restitution in Equity

A claim for restitution for unjust enrichment requires a showing of unjust enrichment of one party and unjust detriment to the other party.  See Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 234 (1st Cir. 2005), quoting Bushkin Assocs., Inc. v. Raytheon Co., 906 F.2d 11, 15 (1st Cir. 1990).  Specifically, "a plaintiff must show '(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law.'"  McCabe v. Braunstein 439 B.R. 1, 6 (Bankr. D. Mass. 2010), quoting Smith v. Jenkins, 626 F.Supp.2d 155, 170 (D. Mass. 2009).  Where plaintiff has an adequate remedy at law, an equitable claim for unjust enrichment will not stand.  Santagate v. Tower, 64 Mass. Ct. 324,

329 (2005); Taylor Woodrow Blitman Const. Corp. v. Southfield Gardens Co., 534 F.Supp., 340, 347 (D. Mass. 1982).

The undisputed record establishes that Plaintiff's mortgage loan was owned by the Trust and serviced by SPS.  SPS had the authority to act on behalf of the Trust to collect payments due by Koufos on the Note.  Koufos establishes no factual basis for the claim where he owed the money and SPS rightfully collected the money Koufos owed, putting aside whether or not Koufos has an inadequate remedy at law to maintain a claim in equity.

Additionally, Koufos is not an aggrieved party under an unjust enrichment analysis.  "A claim for unjust enrichment is grounded in the principle that a person who has been unjustly enriched at the expense of another is required to make restitution to the other."  In re Marron, 499 B.R. 1, 6 (D. Mass. 2013), quoting In re Bailey, 437 B.R. 721, 731 (Bankr. D. Mass. 2010). The Trust was not unjustly enriched at the expense of Koufos.  Koufos owed the debt.  Koufos would earn a windfall if the payments were returned to him.  Indeed, Koufos never claimed that any party other than SPS on behalf of the Trust sought payment on the mortgage loan.  See Woods, 733 F.3d 349, 354, 356 n. 6 ("We note also that Woods has stopped paying her mortgage and no financial institution other than Wells Fargo has sought to take action on account of that breach.").  There is nothing for SPS or the Trust to return to Koufos.

## THE TRUST IS ENTITLED TO JUDGMENT ON ITS COUNTERCLAIMS FOR POSSESSION OF THE PROPERTY

The Trust has established a prima facie case on its claim for post-foreclosure title and possession of the Property.  Koufos has no basis to rebut the Trust's title.  The Trust has provided undisputed evidence of compliance with the exercise of the power of sale.  The certified copies of the Foreclosure Deed and Affidavit as recorded in the Registry of Deeds establish compliance with the exercise of the power of sale in the Mortgage.  Federal National

Mortgage Association v. Hendricks, 463 Mass. 635, 637-643 (2012); Deutsche Bank National Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 567 (2012).  Foreclosure of the Mortgage by public sale was completed after written notice and publication of the intent to foreclose was made in accordance with the statutes governing foreclosure.  See U.S. Bank National Association v. Schumacher, 467 Mass. 421, 430-431 (2014) (identifying statutes regulating the exercise of the power of sale).  Judgment of possession of the Property in favor the Trust must enter

**IV.   CONCLUSION**

For the foregoing reasons, Defendants request this Court to grant their motion, to enter summary judgment in their favor against Plaintiff on all remaining Counts of the Amended Complaint, and to enter judgment in their favor on the counterclaims.

Respectfully submitted,

**SELECT PORTFOLIO SERVICING, INC. and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO # 600069)
Charlotte L. Bednar (BBO # 657748)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated:  March 31, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


/s/ Peter F. Carr, II
Peter F. Carr, II

Dated: March 31, 2015