UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PETER H. KOUFOS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>U.S. BANK, N.A., AS TRUSTEE ON )<br>BEHALF OF THE CERTIFICATE HOLDERS )<br>OF THE CSFB MORTGAGE PASS-THROUGH )<br>CERTIFICATES, SERIES 2005-CF1, et al., )<br>)<br>Defendants. )<br>) | C.A. NO. 1:12-CV-10743-DJC |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL
FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendants U.S. Bank, N.A., as Trustee, (the "Trust") and Select Portfolio Servicing, Inc. hereby submit the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment against Plaintiff Peter Koufos ("Koufos" or "Plaintiff"):

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On or about January 26, 2005, Koufos executed a promissory note ("Note") to New Century Mortgage Corporation ("New Century") in the principal amount of $344,250.00. (Amended Complaint ("Am. Compl."), ¶7; Affidavit of Diane Weinberger ("Weinberger Aff."), ¶ 3 and Exhibit B).

2. Koufos granted a mortgage ("Mortgage") on the property located at 19 Skyline Drive, Medway, Massachusetts (the "Property") to secure the obligations under the Note. (Am. Compl., ¶¶ 10, 11; Weinberger Aff., ¶ 4 and Exhibit C).

{K0580953.1}

3. On July 1, 2005, Credit Suisse First Boston Mortgage Securities Corp. (Depositor), DLJ Mortgage Capital, Inc. (Seller), Select Portfolio Servicing Inc. (Servicer), and U.S. Bank, N.A. (Trustee) entered into a Pooling and Servicing Agreement (the "PSA"). (Weinberger Aff., ¶ 5 and Exhibit D).

4. The Note and Mortgage were sold, transferred, conveyed, and assigned to the Trust in accordance with the PSA. (Weinberger Aff., ¶¶ 6-12).

5. The Koufos Mortgage Loan is included on the Mortgage Loan Schedule to the PSA, which identified the Trust Fund of the Trust. (Weinberger Aff., ¶¶ 8-12 and Exhibit E).

6. The Trust owned the Note and Mortgage in accordance with the terms of the PSA, and the Trust became the holder of the Note. (Weinberger Aff., ¶12 and Exhibit B).

7. On July 13, 2005, the servicing rights of the Koufos mortgage loan were transferred from New Century to SPS, with notice to Koufos. (Weinberger Aff., ¶ 13 and Exhibit H).

8. On April 2, 2007, New Century filed for Chapter 11 bankruptcy protection. (Am. Compl., ¶ 20).

9. On June 20, 2007, New Century executed and granted SPS a limited power of attorney to permit SPS to act as its attorney-in-fact. (Weinberger Aff., at Exhibit G).

10. SPS executed a Corporate Assignment of Mortgage from New Century to the Trust, which was recorded with the Norfolk Registry of Deeds on April 21, 2009. (Am. Compl., ¶¶ 13, 15; Weinberger Aff., ¶ 12 and Exhibit F).

11. Koufos defaulted on his mortgage loan, and failed to cure following notice. (Weinberger Aff., ¶ 14).

12. On or about January 4, 2008, Koufos entered into a Forbearance Agreement with the Trust to permit Koufos to reinstate the mortgage loan and halt the foreclosure that had commenced in return for agreed-upon payments. Koufos admitted in the Forbearance Agreement that the Trust owned the Note and Mortgage. (Weinberger Aff., ¶ 15 and Exhibit I).

13. Koufos subsequently defaulted under the Forbearance Agreement. (Weinberger Aff., ¶ 16).

14. The Trust proceeded with foreclosure. On or about May 14, 2009, the Trust published and sent Koufos written notice of the foreclosure sale scheduled for June 23, 2009. (Weinberger Aff., ¶ 17 and Exhibit J).

15. The foreclosure was postponed when Koufos filed for bankruptcy. (See Am. Compl., ¶ 89).

16. The Trust received stay relief from the Bankruptcy Court. (Am. Compl. ¶ 148).

17. The Trust re-noticed the foreclosure sale for April 27, 2012. (Weinberger Affidavit, ¶ 18).

18. The Trust subsequently postponed the foreclosure sale upon the filing of additional litigation by Koufos. (Weinberger Affidavit, ¶ 19).

19. After efforts by Koufos to enjoin the foreclosure were denied, the Trust rescheduled the foreclosure sale for August 1, 2012. (Weinberger Aff., ¶ 19).

20. The Trust, through its authorized agents, conducted a foreclosure sale of the Property at public auction on August 1, 2012. (Weinberger Aff., ¶ 19).

21. The Trust was the highest bidder and purchased the Property at the foreclosure sale. (Weinberger Aff., ¶ 19).

22. The recorded a foreclosure deed and affidavit with the Norfolk County Registry of Deeds. (Weinberger Aff., ¶ 19 and <u>Exhibit M</u>).

23. Following the foreclosure, Mr. Koufos continued to use and occupy the Property and failed or refused to vacate the Property. (Weinberger Affidavit, ¶ 20).

                    Respectfully submitted,

                    **SELECT PORTFOLIO SERVICING, INC. and**
                    **U.S. BANK NATIONAL ASSOCIATION, AS**
                    **TRUSTEE,**

                    By their attorneys,

                    /s/ Peter F. Carr, II
                    Peter F. Carr, II (BBO # 600069)
                    Charlotte L. Bednar (BBO # 657748)
                    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
                    Two International Place, 16th Floor
                    Boston, MA 02110-2602
                    Telephone: 617.342.6800
                    Facsimile: 617.342.6899
                    pcarr@eckertseamans.com

Dated: March 31, 2015

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                    /s/ Peter F. Carr, II
                    Peter F. Carr, II

Dated: March 31, 2015