UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER H. KOUFOS, )
)
      Plaintiff, )
v. )
)
U.S. BANK, N.A., AS TRUSTEE ON ) C.A. NO. 1:12-CV-10743
BEHALF OF THE CERTIFICATE HOLDERS )
OF THE CSFB MORTGAGE PASS-THROUGH )
CERTIFICATES, SERIES 2005-CF1, et al., )
)
      Defendants. )
)

## AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT SELECT PORTFOLIO SERVICING, INC.

I, **DIANE WEINBERGER**, upon my own personal knowledge, under oath hereby depose and state as follows:

1. I am employed as **Diane Weinberger, Director** for Select Portfolio Servicing, Inc. ("SPS"), the servicing agent and attorney-in-fact for Defendant U.S. Bank, N.A., as Trustee on behalf of the certificate holders of the CSFB Mortgage Pass-Through Certificates, Series 2005-CF1 (the "Trust"). A copy of the limited power of attorney authorizing SPS to act on the Trust's behalf is attached at **Exhibit A**.

2. Based upon a review of business records of SPS, I have knowledge of the facts set forth in this affidavit concerning the status and history of the mortgage loan account of Peter Koufos ("Mr. Koufos") that is the subject of this action. I am familiar with the facts set forth herein based upon a review of the records that SPS, as duly-authorized servicer, maintains for and on behalf of the Trust (the "Loan Records"). The information described herein and referenced below is maintained in and as part of the business records of SPS. The entries in the

{K0580239.1}

records are made at the time of the events and conditions they describe either by people with first-hand knowledge of those events and conditions or from information provided by people with such first-hand knowledge. Recording and maintaining such information is a regular practice of SPS's regularly conducted business activities. I have access to the Loan Records and have knowledge of how they are maintained. Based upon those records, I have gained knowledge of the facts set forth herein.

3. Mr. Koufos made, executed, and delivered to New Century Mortgage Corporation ("New Century"), as the originating lender, a promissory note (the "Note") dated January 26, 2005, to evidence a loan in the principal amount of $344,250.00, plus interest, as part of a refinancing transaction. A true and complete copy of the original Note is attached at **Exhibit B**.

4. Mr. Koufos granted to New Century a mortgage ("Mortgage") on the property located at 19 Skyline Drive, Medway, Massachusetts (the "Property"), dated January 26, 2005, to secure the obligations under the Note. The Mortgage was recorded with the Norfolk County Registry of Deeds on February 2, 2005 in Book 22055, Page 495. A true and complete copy of the Mortgage as recorded is attached at **Exhibit C**.

5. On July 1, 2005, Credit Suisse First Boston Mortgage Securities Corp. (Depositor), DLJ Mortgage Capital, Inc. (Seller), Select Portfolio Servicing Inc. (Servicer), and U.S. Bank, National Association (Trustee) entered into a Pooling and Servicing Agreement (the "PSA"). A true and accurate copy of the PSA is attached hereto at **Exhibit D**.

6. Pursuant to Article II, Section 2.01 of the PSA, the Depositor "hereby sells, assigns, sets over and otherwise conveys to the Trustee in trust for the benefit of the Certificateholders, without recourse, all the right, title and interest of the Depositor in and to (i) subject to section 6.04(b), each Mortgage Loan . . ." (**Exhibit D**).

7. The Trust Fund is defined in the PSA, in part, as "the Mortgage loans and all interest and principal received on or with respect thereto after the Cut-off Date . . ." (**Exhibit D**).

8. The mortgage loan of Mr. Koufos to include the Note and Mortgage (collectively the "Koufos Mortgage Loan") is part of the Trust Fund as defined in the PSA.

9. The Mortgage Loan Schedule is defined in the PSA, in part, as "[t]he list of Mortgage Loans . . . transferred to the Trustee as part of the Trust Fund and from time to time subject to this Agreement, attached hereto as Schedule I," which were sold, transferred, conveyed and assigned to the Trust. (**Exhibit D**).

10. SPS received the Mortgage Loan Schedule. Relevant pages from the Mortgage Loan Schedule that relate to the Koufos Mortgage Loan are attached collectively at **Exhibit E**.

11. The Koufos Mortgage Loan is identified by the SPS loan number on the Mortgage Loan Schedule in the second column entitled "SPS" as ▮▮▮▮3754. (**Exhibit E**). This loan identification number corresponds with other items maintained in the Loan Records with respect to Mr. Koufos and the Koufos Mortgage Loan.

12. The Trust owned the Mortgage under the terms of the PSA. The Trust became the holder of the Note through an endorsement in blank and an allonge endorsed to the Trust. New Century remained the record title holder of the Mortgage. The Trust recorded a Corporate Assignment of Mortgage with the Norfolk Registry of Deeds on April 21, 2009, and became the record title holder of the Mortgage. A true and accurate copy of the Corporate Assignment of Mortgage is attached at **Exhibit F**. The Corporate Assignment of Mortgage was executed pursuant to a limited power of attorney granted by New Century to SPS dated June 20, 2007. A true and accurate copy of the limited power of attorney is attached at **Exhibit G**.

{K0580239.1}

13. The Loan Records include written notice to Mr. Koufos of the transfer of servicing rights to the Koufos Mortgage Loan from New Century to SPS effective July 13, 2005. The notice references mortgage loan number █████3754 consistent with the loan identification number for the Koufos Mortgage Loan set forth on the Mortgage Loan Schedule. A true and accurate copy of the notice is attached at **Exhibit H.**

14. The Loan Records reflect that Mr. Koufos defaulted on his mortgage loan for non-payment. The Loan Records show that Mr. Koufos failed to cure the default following notice.

15. On or about January 4, 2008, Mr. Koufos entered into a Forbearance Agreement with the Trust, through SPS, to permit Mr. Koufos to reinstate the Koufos Mortgage Loan and halt the foreclosure that had commenced in return for agreed-upon payments by Mr. Koufos. A true and accurate copy of the Forbearance Agreement executed by Mr. Koufos is attached hereto at **Exhibit I.** In executing the Forbearance Agreement, Mr. Koufos acknowledged that the Trust was the holder of the Note.

16. Mr. Koufos subsequently defaulted under the terms of the Forbearance Agreement. The Trust, through SPS, sent Mr. Koufos written notice of default under the Forbearance Agreement. Mr. Koufos failed to cure his default.

17. The Trust proceeded with foreclosure of the Mortgage to recover under the Note. On or about May 14, 2009, the Trust, through its authorized agents, sent Mr. Koufos written Notice of Mortgage Foreclosure Sale prior to the date of the sale scheduled for June 23, 2009. A copy of the certified mail notice to Mr. Koufos is attached at **Exhibit J**. The Trust also caused to be published notice in the Milford Daily News.

18. The foreclosure was postponed when Mr. Koufos filed for bankruptcy. After receiving stay relief from the Bankruptcy Court and upon dismissal of the adversary complaint

filed by Mr. Koufos in the bankruptcy action, the Trust re-noticed the foreclosure sale for April 27, 2012. On March 30, 2012, the Trust provided written notice to Mr. Koufos prior to the foreclosure sale scheduled for April 27, 2012. A copy of the notice of the April 27, 2012 foreclosure sale sent to Mr. Koufos is attached hereto at **Exhibit K**. The Trust also caused to be published notice of foreclosure sale in the Milford Daily News.

19.  The Trust subsequently postponed the foreclosure sale upon the filing of additional litigation by Mr. Koufos. After efforts by Mr. Koufos to enjoin the foreclosure were denied, the Trust rescheduled the foreclosure sale for August 1, 2012 with notice to Mr. Koufos. A copy of the notice sent to Mr. Koufos regarding the August 1, 2012 foreclosure sale is attached at **Exhibit L**. The Trust, through its authorized agents, conducted a foreclosure sale of the Property at public auction on August 1, 2012. The Trust was the highest bidder and purchased the Property. On or about March 26, 2013, the Trust recorded a foreclosure deed and affidavit with the Norfolk County Registry of Deeds at Book 31169, Page 555. A true attest copy of the foreclosure deed and affidavit are attached collectively hereto at **Exhibit L**.

20.  Following the foreclosure, Mr. Koufos continued to use and occupy the Property and failed or refused to vacate the Property. SPS learned that Mr. Koufos passed away during the course of this litigation.

SWORN TO AND SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ____ DAY OF MARCH, 2015.

          SELECT PORTFOLIO SERVICING, INC.

By: _____

      Diane Weinberger
Its:     Director

{K0580239.1}